UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

    Plaintiff,

v.

S. ALFARO,

    Defendant.

CASE NO. 1:17-cv-01310-MJS (PC)

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

(ECF No. 6)

**ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS**

Plaintiff is a state prisoner proceeding pro se in a civil rights action brought pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's October 16, 2017 motion to proceed in forma pauperis. (ECF No. 6.)

**I. In Forma Pauperis**

28 U.S.C. § 1915 permits a federal court to authorize the commencement and prosecution of an action without prepayment of fees by an individual who submits an affidavit demonstrating that he is unable to pay the fees. However,

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The imminent danger exception applies if "the complaint makes a plausible

allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).

Here, Plaintiff has incurred at least three strikes within the meaning of 28 U.S.C. § 1915(g). See, e.g., (1) Williams v. Narramore, 2:03-cv-01972-UA-AJW (C.D. Cal. July 17, 2003 dismissing action for failing to state a claim); (2) Williams v. Malfi, 2:08-cv-01737-WBS-CMK (E.D. Cal. July 29, 2010) (dismissing action for failing to state a claim); (3) Williams v. Tilton, 2:08-cv-06616-PSG-FFM (C. D. Cal. July 11, 2011) (dismissing action for failing to state a claim); (4) Williams v. Haws, 2:09-cv-00460-PSG-FFM (C. D. Cal. September 22, 2010).

Accordingly, he may only proceed in forma pauperis if he was in "imminent danger of serious physical injury at the time of filing." Andrews, 493 F.3d at 1055 (internal quotation marks omitted).

## II. PLAINTIFF'S CLAIMS

Plaintiff is incarcerated at California State Prison, Corcoran ("CSPC"), where the acts giving rise to his complaint occurred. He names the following Defendants: (1) Sandra Alfaro, Associate Director of the California Department of Corrections and Rehabilitation ("CDCR"); and (2) Sexton, Warden of CSPC, (3) L. Hense, Chief Deputy Warden of CSPC, (4) Weaver, Associate Warden of CSPC, (5) J. Gallagher, Facility Captain, (6) M. Oliveria, Correctional Counselor II, (7) C. Villarrial, Correctional Counselor II, (8) R. Dollarhide, Correctional Counselor I, (9) S. Alvarado, Correctional Sergeant, (10) J. Burns, Correctional Sergeant, (11) Campbell, Correctional Sergeant, (12) Morelock, Correctional Sergeant, (13) S. Longoria, Correctional Officer, (14) T. Noland, Correctional Officer.

Plaintiff's claims may be summarized essentially as follows:

Plaintiff suffers from a psychiatric disorder, Self-Injurious Behavior ("SIB"), where he cuts himself with sharp objects to relieve anxiety and other mental distress. Plaintiff alleges that Defendants have engaged in an ongoing practice of not following mental health treatment plans and of deliberately placing Plaintiff in stressful situations causing

Plaintiff to engage in self-harm.

Plaintiff's complaint enumerates specific examples:

After Plaintiff informed Defendants he had a propensity to cut, he was told he would not be issued weekly razors. Plaintiff continues to receive razors as part of his weekly supplies and he uses them to harm himself.

Defendants ridicule and humiliate Plaintiff about his mental health issues and encourage him to hurt himself. They allowed prison gangs to harass and ridicule Plaintiff and other mental health prisoners.

On two occasions Defendants denied Plaintiff access to medication prescribed to deter his self-harm behavior.

Defendants have twice failed to implement prison psychiatric staff recommendations that Plaintiff be provided a job.

On one occasion, Defendants did not provide Plaintiff with medical treatment for his self-injuries.

### III. IMMINENT DANGER EXCEPTION APPLICABLE

Plaintiff plausibly alleges imminent danger of serious physical injury due to ongoing practices that cause him serious physical injury.

A prisoner seeking to invoke the imminent danger exception in § 1915(g) must make a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing. Andrews, 493 F.3d 1053-55. Allegations that are overly speculative or fanciful may be rejected. Andrews, 493 F.3d at 1057 n.11. The Ninth Circuit interprets "imminent danger" to mean "ongoing danger," meaning the prisoner must allege that prison officials have continued with a practice that has injured him or others similarly situated in the past. Andrews at 1056-57. The alleged imminent danger must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003).

The Ninth Circuit has found that allegations of ongoing patterns of placing inmates with histories of self-harm and mental illness in situations that may cause self-harm in contravention of recommendations from medical staff to be sufficient to plausibly indicate

1 imminent danger of serious physical injury. See e.g., Walker v. Scott, 472 F. App'x 514
2 (9th Cir. 2012) (finding that repeated placement of a prisoner with a history of mental
3 illness in double-cell housing without first completing recommended treatment for coping
4 in that environment sufficient to allege imminent physical danger); Irby v. Gilbert, No. 16-
5 35373, 2016 U.S. App. LEXIS 23591, at *2 (9th Cir. Nov. 14, 2016) (finding a plausible
6 allegation of imminent danger when a prisoner alleged he was denied appropriate
7 psychiatric medication for his depression, that he was suffering anxiety attacks,
8 paranoia, and suicidal thoughts, and that he had previously attempted suicide.)

Here, Plaintiff makes specific allegations that Defendants engaged in an ongoing practice of inhibiting Plaintiff's ability to follow the medical treatment plan for his SIB and engaged in an ongoing pattern of ridicule and harassment in an attempt to encourage Plaintiff to engage in self-harm. These allegations are sufficient to indicate Defendants have engaged in an ongoing pattern of practice that puts the Plaintiff at imminent risk of serious physical injury.

**IV.     CONCLUSION AND ORDER**

Accordingly, it is HEREBY ORDERED that

1. Plaintiff's motion to proceed in forma pauperis, filed October 16, 2017, is GRANTED.

2. The Director of the California Department of Corrections or his designee shall collect payments from plaintiff's prison trust account in an amount equal to twenty per cent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. ' 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action.

3. The Clerk of the Court is directed to serve a copy of this order and a copy of plaintiff's in forma pauperis application on the Director of the California

4

Department of Corrections, via the court's electronic case filing system (CM/ECF).

4. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Sacramento Division.

5. Within sixty (60) days of the date of service of this order, plaintiff shall submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint, if plaintiff has not already done so.

IT IS SO ORDERED.

Dated: October 18, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE