UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>S. ALFARO, et al.,<br><br>Defendants. | CASE NO. 1:17-cv-01310-MJS (PC)<br><br>**ORDER DIRECTING CLERK'S OFFICE TO ASSIGN MATTER TO A DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION THAT THIS ACTION PROCEED ONLY ON COGNIZABLE CLAIMS AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED**<br><br>(ECF No. 1) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On December 21, 2017, the Court screened Plaintiff's complaint (ECF No. 1) and found that it states the following cognizable claims: 1) First Amendment retaliation claims for damages against Defendants Villarrial, Dollarhide, Longoria, and Noland in their individual capacities; 2) Eighth Amendment excessive force claims for damages against Defendants Campbell, Morelock, Longoria, Noland, and Burns in their individual capacities; 3) Eighth Amendment medical claims for damages against Defendants

Dollarhide, Noland,[1] and Burns in their individual capacities; 4) Fourteenth Amendment Equal Protection claims for damages against Defendants Longoria, Noland, and Alvarado in their individual capacities; and 5) ADA claims against Defendants Alfaro and Sexton in their official capacities, but no other cognizable claims. (ECF No. 11.) Plaintiff was ordered to file an amended complaint or notify the Court in writing if he wished to proceed only on the cognizable claims. (Id.)

Plaintiff responded that he wants to proceed on the claims found cognizable. (ECF Nos. 12, 13.)

Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.) However, no defendants have appeared or consented. Accordingly, the Clerk's Office is HEREBY DIRECTED to randomly assign this matter to a district judge pursuant to Local Rule 120(e).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on the following cognizable claims as explained in the Court's screening order:
   a. First Amendment claims for damages against **Defendants Villarrial, Dollarhide, Longoria,** and **Noland** in their individual capacities;
   b. Eighth Amendment excessive force claims for damages against **Defendants Campbell, Morelock, Longoria, Noland,** and **Burns** in their individual capacities;
   c. Eighth Amendment medical claims for damages against **Defendants Dollarhide, Noland,** and **Burns** in their individual capacities;
   d. Fourteenth Amendment Equal Protection claims for damages against **Defendants Longoria, Noland,** and **Alvarado** in their

---

[1] The conclusion of the prior order (ECF No. 11) erroneously stated that this claim was against Defendant Longoria, however, as noted in the body of the screening order, it should have been against Defendant Noland.

2

|   |   |
|---|---|
| 1 | individual capacities; and |
| 2 |     e. ADA claims against **Defendants Alfaro** and **Sexton** in their official capacities; |
| 4 | 2. All other claims and defendants be dismissed from this action for failure to state a claim. |

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   January 19, 2018       /s/ *Michael J. Seng*
                                                      UNITED STATES MAGISTRATE JUDGE